IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KANE XAVIOR MALFADOR PATTERSON, I                                    PLAINTIFF

v.                              Civil No. 4:18-cv-04144

WARDEN JEFFIE WALKER, Miller County
Detention Center; JOHN DOE JUDGE ADVOCATE
GENERAL, Miller County Detention Center Courtroom;
JOHN DOE PUBLIC DEFENDER; JOHN DOE
MILLER COUNTY DISTRICT ATTORNEY; CODY
KING; and LARRY KING                                                 DEFENDANTS

**ORDER**

Plaintiff filed this action *pro se* pursuant to 42 U.S.C. § 1983. The Complaint was provisionally filed prior to a determination regarding Plaintiff's *in forma pauperis* ("IFP") application. (ECF No. 3). Plaintiff is currently incarcerated at the Miller County Detention Center.

Plaintiff submitted an incomplete application to proceed IFP with his Complaint. (ECF No. 2). On October 15, 2018, an Order was entered directing Plaintiff to submit a completed IFP application, including a certificate of account from an appropriate detention center official, by October 31, 2018. (ECF No. 3). Plaintiff failed to meet this deadline.

However, Plaintiff submitted a second application to proceed IFP on November 5, 2018. (ECF No. 5). Again, the application did not include a certificate of account from the Miller County Detention Center. Further, Plaintiff's application stated that he has money in an account at Texarkana Bank and Trust, but did not state the amount. (ECF No. 5).

On November 6, 2018, an Order was entered giving Plaintiff until November 23, 2018, to submit a completed IFP application or pay the $350 filing fee and $50 administrative fee, a total of $400. (ECF No. 6). Plaintiff was advised that the IFP application was to include a certificate

of account completed by an appropriate detention center official and must also state the amount of money belonging to Plaintiff in cash or any bank account. Plaintiff was further advised that if he failed to "return the completed IFP application or pay the $400 by November 23, 2018, the complaint shall be subject to summary dismissal for failure to obey an order of the Court." (ECF No. 6).

On November 19, 2018, Plaintiff again filed an application to proceed IFP. (ECF No. 7). The application states that he has money in a checking or savings account but does not state the amount. The application does not include a Certificate of Inmate Account and Assets completed by an appropriate detention center official. (ECF No. 7).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff failed to comply with a court order directing him to submit a completed IFP application and failed to prosecute this matter. Pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 30th day of November 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge